THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELMER G. STORY, Appellant, *v.* MORRIS CUKOR et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.
THOMAS C. MURRAY et al., Intervening, Respondents.

*New York city — civil service — employees of city who are illegally promoted to positions which do not exist do not thereby lose their status as civil service employees — entitled to take promotion examination.*

*People ex rel. Story* v. *Cukor*, 192 App. Div. 914, affirmed.
(Argued March 7, 1921; decided April 19, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 7, 1920, which unanimously affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the municipal civil service commission of the city of New York to reject the application of Thomas C. Murray and May B. Upshaw for examination for the position of chief examiner and to strike their names from the list of candidates to be examined for said position. It appeared that both Murray and Upshaw were originally appointed examiners in 1904 and 1902, respectively, and that they thereafter, with fidelity, continued to discharge the duties assigned to each of them until they were promoted to the so-called positions designated as assistant chief and first assistant chief examiner. It further appeared that in a proceeding in the Supreme Court a decision was pronounced declaring the promotions of Murray and Upshaw illegal, for the reason that no such positions existed, and that on an appeal taken from such decision the trial justice granted a stay. The contention of the relator was that Murray

and Upshaw, by reason of said promotions, which have been held to be illegal, have lost their status as civil service employees, and that they were entirely out of the service of the municipality, and that they were at most mere voluntary workers, without positions of any kind recognized by law. The trial court held that if the promotions were legal they would clearly be entitled to take part in a promotion examination, and on the other hand, if they had not the right to the place to which they had been promoted, for the reason that such positions did not exist, then the action of the commissioners was a nullity, and left the status of Murray and Upshaw as examiners unimpaired.

*Frank Gallagher* and *Howard A. Sperry* for appellant.

*John P. O'Brien,* Corporation Counsel (*John F. O'Brien, William A. Walling* and *Arthur Sweeny* of counsel), for civil service commission, respondent.

*Moses Altmann* for Thomas C. Murray et al., respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.